UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MELANIE NEALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-00274-TRM-SKL |
| | ) |
| COLOPLAST CORP., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Compel [Doc. 45]. Defendant filed a response in opposition with a supporting affidavit [Doc. 49 & Doc. 50]. Plaintiff did not reply, and this matter is now ripe. For the reasons set forth below, the motion will be **DENIED WITH LEAVE TO REFILE**, if necessary.

Under Federal Rule of Civil Procedure 37(a)(1), a party that moves for an order compelling a response to a discovery request "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. The Rule 37 requirement for good-faith conferral is comprised of two separate components: actual certification and performance. *In re Johnson*, 408 B.R. 115, 119-20 (Bankr. S.D. Ohio 2009). The motion filed by Plaintiff contains the required certification [Doc. 45 at Page ID # 320]; nevertheless, the Court agrees with Defendant that Plaintiff failed to adequately in good faith confer with Defendant prior to filing the motion to compel, in violation of Rule 37(a)(1).

First, Plaintiff has not refuted counsel for Defendant's averment that Plaintiff's counsel merely had one, five-minute telephone call with Defendant in which he specifically addressed only

a single interrogatory [Doc. 49 at Page ID # 385].  Plaintiff made no further attempt to confer prior to seeking judicial intervention.  *Id.*  This limited communication indicates that Plaintiff did not, in good faith, attempt to confer with Defendant to resolve or narrow the discovery dispute without court intervention.  *See Peavey v. Univ. of Louisville*, No. 3:09-CV-00484-R, 2010 WL 3620340, at *2 (W.D. Ky. Sept. 13, 2010) (noting that the limited amount of communication between the parties indicated a lack of attempt to confer in good faith).

Second, as noted, Plaintiff did not meaningfully discuss with Defendant each discovery request in dispute.  To satisfy the "conferral" requirement, the moving party must "meaningfully discuss *each* contested discovery dispute in a genuine effort to avoid judicial intervention."  *In re Johnson*, 408 B.R. at 120 (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).  It is unrefuted that Plaintiff merely asked whether Defendant was going to "answer" the requests and, when pressed for more specific information, Plaintiff said she was referring to "all of them."  [Doc. 49 at Page ID # 385].  There was no attempt—genuine or otherwise—to discuss specific issues; rather, Plaintiff made a blanket objection regarding all of Defendant's responses.

While the Court is sympathetic to Plaintiff's potential need to address boilerplate objections, it would be inefficient and unfair to allow Plaintiff to only meaningfully communicate her full position regarding each discovery dispute for the first time in connection with seeking court intervention.  *See Banerjee v. Univ. of Tenn.*, No. 3:17-CV-526-HSM-HBG, 2019 WL 1062378, at *1 (E.D. Tenn. Mar. 6, 2019).  The appropriate way to address any boilerplate objections is to seek a finding of waiver or sanctions *if* the dispute cannot be resolved after good faith conferral.  *See, e.g.*, *Advantage Industrial Sys., LLC v. Aleris Rolled Prod., Inc.*, No.

2

418CV00113JHMHBB, 2020 WL 4432415, at *21 (W.D. Ky. July 31, 2020) (determining that a sanction of attorneys' fees in connection with a motion to compel would not be unjust following party's failure to comply with court order to remove boilerplate objections); *Burrell v. Duhon*, No. 518CV00141TBRLLK, 2019 WL 5260481, at *4 (W.D. Ky. Oct. 17, 2019) (holding the use of boilerplate objections is not permitted under the Federal Rules of Civil Procedure, but declining to find defendant waived its objections to the discovery requests); *Hayse v. City of Melvindale*, No. CV 17-13294, 2018 WL 11176493, at *6 (E.D. Mich. Apr. 10, 2018) ("[D]efendants' reliance on boilerplate objections is improper and could expose them to sanctions."); *Wesley Corp. v. Zoom T.V. Prod.*, LLC, No. 17-10021, 2018 WL 372700, at *5 (E.D. Mich. Jan. 11, 2018) ("The court agrees that in light of Defendants' conduct in discovery, and in light of the need to deter future use of boilerplate, a sanction in the form of attorney fees is warranted.").

Third, Plaintiff failed to explore additional conferral opportunities to narrow the dispute. According to the unchallenged affidavit, Defendant "in no respect foreclosed [Defendant's] willingness to confer further." [Doc. 49 at Page ID # 385]. Yet, Plaintiff (and for that matter, Defendant) made no attempt to initiate additional conferral before the motion was filed [Doc. 49 at Page ID # 385], even though an opportunity remained for future communication and cooperation to resolve the dispute without court intervention. *See Brady v. LTD Parts, Inc.*, No. 2:08-0508, 2009 WL 2224172, at *1 (M.D. Tenn. July 22, 2009) (finding it was unclear whether a good-faith certification could properly be submitted where the last correspondence between counsel plainly left open the opportunity for "further consideration" and "other thoughts on the issues").

Accordingly, for the reasons stated above, Plaintiff's motion is denied at this time. If necessary, however, Plaintiff may renew her motion after completing the required good-faith

3

conferral process. The Court reminds the parties, as they confer further, of relevant discovery limitations/expectations in products liability cases. The Sixth Circuit employs the "substantially similar" test to determine whether evidence of other products, accidents, or complaints is subject to discovery. *Steede v. Gen. Motors, LLC*, No. 11-2351-STA-dkv, 2013 WL 142484, at *9 n.25 (W.D. Tenn. Jan. 11, 2013) (collecting cases); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 297 (6th Cir. 2007). The products and circumstances do not have to be identical to those at issue; rather, there need only be substantial similarity among variables relevant to the plaintiff's theory of the defect. *Steede*, 2013 WL 142484, at *9; *see also Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 164 (W.D. Mich. 1991) (finding the plaintiff was entitled to discovery concerning accidents involving the specific product used, as well as "other products that exhibit the features" that allegedly caused or contributed to the injury). Furthermore, information about subsequent similar incidents may be discoverable if relevant, such as to show the existence of a defect. *Lohr*, 135 F.R.D. at 166. The plaintiff bears the burden of showing substantial similarity. *Id*.

Finally, Defendant indicates that a great deal of information has been made available to Plaintiff, via access to the "MDL production," which is allegedly comprised of millions of pages of documents, including extensive documentation concerning the Restorelle Y surgical mesh implant at issue in this case as well as other surgical mesh implants [Doc. 48]. The Court concludes the parties also should confer further regarding the MDL production and whether Plaintiff is requesting additional information that is proportional and relevant to the issues in her case, or perhaps whether she needs further information to locate relevant information within the MDL production. *See Peavey*, 2010 WL 3620340, at *2 (denying the plaintiff's motion to compel where it was seemed, based on Defendant's responses, that many of the documents sought were

4

already in Plaintiff's possession).

To assist the conferral process and the Court in more efficiently addressing any renewed motion to compel after the parties confer further, the Court **ORDERS** that, in addition to any renewed motion/briefing, the parties *shall file a jointly completed chart* (or some other similar form providing the requested information) addressing each remaining discovery request in dispute. The purpose of this chart is to further narrow the discovery requests in dispute and to succinctly state each party's position with respect to each request in dispute. Boilerplate objections should not be included and claims of privilege should be properly logged. For any discovery that remains in dispute in any renewed motion, the jointly completed chart shall identify each conferring attorney, the approximate amount of time spent in the good-faith conferral efforts, and, for each discovery request at issue, the following information:

| Discovery Request at Issue | Relevant to Prove ... | Moving Party's Last Offered Compromise | Responding Party's Basis of Objection To Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

Accordingly, for the reasons stated above, Plaintiff's motion [Doc. 45] is **DENIED WITH LEAVE TO REFILE**, if necessary.

SO ORDERED.

ENTER:

                                                s/ *Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE